No. 9485.

THE STATE EX REL. G. W. EDWARDS ET AL. VS. THE CRIMINAL SHERIFF ET AL.

In an application for a writ of *habeas corpus*, based on the alleged want of jurisdiction of a court to take cognizance of a charge of grand larceny—the affidavit charging that the crime was committed within the jurisdiction of the court; and the fact that alleged stolen goods were found in the possession of the accused, will be considered as showing *prima facie* jurisdiction in the court, thus throwing the burden of proving the reverse on the relator.

APPLICATION for Habeas Corpus.

*J. M. Pratt* for the Relators.

The opinion of the Court was delivered by

POCHÉ, J. The relators complain that they are illegally detained in custody under a *mittimus* emanating from the second municipal court of New Orleans, charging them with the crime of grand larceny, alleged to have been committed within the jurisdiction of said court,

and that from the evidence taken at the preliminary examination of said charge, it appears that the offense charged to them was committed on a British vessel, on which they were employed as seamen, at the port of Kingston, Jamaica, a British possession.

Their proceeding, therefore, involves the question of jurisdiction of the courts of Louisiana over the charge preferred against them. The prosecution began by an affidavit of the captain of the steamer, charging that the offense was committed by the relators on the vessel while she was at her mooring in the Mississippi river at the foot of Toulouse street in this city, and, therefore, within the jurisdiction of the Second Recorder's Court of the city of New Orleans.

The record of the preliminary examination, introduced here by relators themselves, shows that the stolen goods, consisting of a number of razors, of shawls, packages of thread and of certain cooking utensils, were found in the possession of relators in this city.

Hence it appears that the recorder's court had *prima facie* jurisdiction of the charge, and that the burden was on relators to destroy that presumption.

This is conceded by their counsel, who claims that the record does contain sufficient evidence to that end, contained in the testimony of one of the State witnesses.

The statements of that witness, who is one of the sailors on the vessel, are in this connection, that while the steamer was lying at the port of Kingston, Jamaica, he saw two of the relators herein break open the case of razors, and that is all.

He does not state that he then and there saw the two men in question or the four others, or either of them take any goods out of the broken case— or that he saw at any other time and place, either of the accused take any of the other stolen goods which were found in their possession in this city, and unaccounted for by them.

It stands to reason that the testimony invoked by counsel, falls very far short of its intended effect, especially in a proceeding which does not debar relators of their right to plead to the jurisdiction of the court in which they may be subsequently indicted, and of other means of defense growing out of the alleged want of jurisdiction of the courts of Louisiana in the premises.

Under the present application, we cannot entertain relators' complaint of the alleged dilatoriness of the district attorney, who has, as yet, taken no steps to have them indicted and tried. If it should be that they are thus deprived of their right to a speedy trial, the writ of

*habeas corpus* is surely not the proper remedy for such a grievance. *Non constat* that these same relators may not, at some future day, complain before us of the refusal of delay by the trial judge.

Our conclusion is that they have failed to establish any claim to be enlarged by means of a writ of *habeas corpus.*

It is, therefore, ordered that the writ of *habeas corpus* herein applied for be denied, and that the relators be remanded to custody for further proceedings according to law.